**KIMBALL, Plaintiff-Appellant v KIMBALL BROTHERS, INC., Defendants-Appellees.**

Ohio Appeals, 2nd District, Franklin County.

No. 3481. Decided October 21st, 1942.

276

Charles Schwenker, Columbus, for plaintiff-appellant.
Ralph C. Martin, Columbus, for defendants-appellees.

## OPINION

By HORNBECK, J.

This case was heard in this court on an appeal on questions of law and fact.

The action is to set aside a deed for certain real estate, executed by the plaintiff to the defendant corporation, upon the claim that the individual defendants induced the plaintiff to sign said deed by false and fraudulent misrepresentations made by said defendants, upon which she relied, and that there was no consideration for the transfer of the property described in the deed.

The answer, consisting of two defenses, first admits the formal averments to the effect that the plaintiff owned the real estate described in the petition at the date of the execution of the deed; that she erected a building thereon; that a corporation was formed known as Kimball Brothers. Inc., and that plaintiff executed and delivered a deed conveying the real estate described in the petition to Kimball Brothers, Inc., and generally denies all other averments of the petition.

By way of a second defense it is averred that the deed to the corporation was made by plaintiff in exchange in payment for 124 shares of stock of Kimball Brothers, Inc., and that upon the instructions of plaintiff said corporation issued a certificate for 62 shares of the common capital stock of said corporation to the plaintiff and a certificate for 62 shares of said stock to plaintiff's nominee, Edwin D. Kimball, Sr., now deceased; that the plaintiff retained ownership and possession of the stock issued to her with knowledge that it was delivered to her in exchange for the deed executed and delivered to Kimball Brothers, Inc., and in payment for the real estate conveyed.

It is further alleged that defendants are informed and believe that plaintiff now claims to be the owner of the 62 shares of stock issued to Erwin D. Kimball, Sr. It is further averred that the plaintiff, after this suit was instituted, executed and delivered a written proxy appointing certain attorneys to act for her and in her name and to vote her stock in Kimball Brothers, Inc., at the annual meeting of the stockholders of the company to be held on April 1, 1940; that pursuant to said authorization said attorneys voted the stock of the plaintiff and thereby elected her as one of three directors of the corporation for the ensuing year; that with full knowledge of all the facts the plaintiff accepted the benefits of said stock ownership and thereby ratified the transaction whereby she acquired title to the stock, namely. the execution and delivery of the deed, and is therefore estopped from asserting any fraud in the transfer of the property described in the petition.

We find an answer of Robert E. Gibbs. receiver of Kimball Brothers, Inc., which is a general denial of the fraud asserted in the first cause of action of the petition. No formal reply appears in the transcript of the docket and journal entries, but if it is desired it may be filed prior to the entry journalizing the decision in this court.

Upon the issues joined the cause was presented originally in this court. The operative averments of the petition are brief: first.

it is claimed that there was no consideration for the transfer of the real estate by the plaintiff to the corporation, and that the individual defendants "induced plaintiff to sign a deed to said Kimball Brothers, Inc., and fraudulently and falsely misrepresented to her that she was signing certain corporation papers when; in fact, she was signing a deed to Kimball Brothers, Inc., for the building owned by her".

The record discloses that in 1934 plaintiff was married to Edwin D. Kimball, Sr., who was the father of the other individual defendants, Robert R. Kimball and Erwin D. Kimball, Jr, The father died in December, 1939, and it developed that he had theretofore been married and this relation with his first wife had not been terminated when he married the plaintiff. The sons, Robert R. Kimball and Erwin D. Kimball, Jr., aged twenty and twenty-one years, respectively, in 1938, were operating a garage on Hague Avenue, in the city of Columbus. To secure a more advantageous location for these young men the plaintiff purchased the property described in the petition, on West Broad Street in the City of Columbus, and erected a building thereon designed to be used for garage purposes at a total cost to plaintiff of approximately $20,000.00. Upon the completion of the building it was occupied by the Kimball Brothers upon a rental basis which they did not pay in its entirety. In the summer of 1939 the defendant corporation Kimball Brothers, Inc., was organized with a capital stock of 250 shares, the assets of which were made up of the real estate of the plaintiff, the personal property owned by the Kimball Brothers in the operation of their garage. together with their business and the good will thereof. The total stock was divided into four parts of 62 shares each and the extra two shares were given to a stenographer who was in the employ of the Kimball Brothers.

The averments of the petition which are the basis of the prayer that the deed may be set aside grow out of the transaction wherein the plaintiff executed and delivered the deed to the corporation. It is her claim as is set out in the petition, namely, that all the individual defendants were chargeable with false representations as to the conditions under which the deed was made. Plaintiff's testimony on the subject relates only to statements made by her husband which were to the effect that the paper which she signed, the deed in question. was but one more corporation paper which was necessary for her to execute; that her stock had therefore been issued to her; that she had no appreciation that she was signing a deed and that she did not understand that the stock which she received had any relation to a consideration for the deed.

The record does not disclose the present ownership and possession of the shares of stock which were issued to the husband, Erwin D. Kimball, Sr., now deceased. To bind the individual defendants, other than the deceased father, it would be necessary that it appear that there was a collusive arrangement between them and their father as affects the stock, at least that which was delivered

to them. The record is silent as to any knowledge of the sons of the inducing statements testified by the plaintiff to have been made by Erwin D. Kimball, Sr., and the attendant facts are not such as would require the inference of any collusive arrangement. It is probably true that no one of the incorporators had any full and complete comprehension of the transaction incident to the completion of the incorporation of Kimball Brothers, Inc. However, this is insufficient to support the equitable relief sought by the plaintiff, namely, the setting aside of a deed formally executed by her.

At the inception we are met with conflicting claims of the parties as to the burden of proof. The plaintiff insists that, although the marriage of the plaintiff to Erwin D. Kimball, Sr., was bigamous on his part, yet there arose by reason thereof a confidential relation between him and the plaintiff, and therefore it is incumbent upon the defendants to show that the making of the deed was free from fraud. We would not interpose any objection to the application of the fiduciary relation rule in favor of the plaintiff because of the irregularity incident to her marital status, but upon the facts appearing the benefit of this relationship could only be available to her as against the acts of her deceased husband, collusion not appearing. We have heretofore mentioned the fact that the present ownership of the husband's stock is not before the court. As to the other defendants, the burden of proof to establish fraud by clear and convincing evidence is upon the plaintiff.

It may be said that upon careful consideration of the evidence before us the question of the burden of proof, whether upon the plaintiff or upon the defendants, would not change the decision to which we are required to come.

Upon the substantive question of failure of consideration the plaintiff does not establish her case. It is probable that the value of the real estate, which was her contribution to the assets of the incorporation, was much in excess of the value of the property, business and good will contributed by the Kimball Brothers. However, this disparity in value of the respective contributions does not establish want of consideration, nor is it so great as to raise a presumption of fraud. There are circumstances in the record consistent with good faith and fair dealing which would account for the fact that the plaintiff was advancing property of more value than that which was forthcoming from Kimball Brothers. It appears that at the time of the transaction in question, all of the parties involved were quite friendly: plaintiff had a kindly interest in the success of her sons-in-law and, it may be, willing to place her property in the venture with the hope that it might be conducive to the success of the Kimball Brothers in their business.

The testimony as to the execution, delivery and acknowledgment of the deed is not convincing that the plaintiff was defrauded. ·Ford v Osborne, 45 Oh St 1; Atlantic Refining Co. v Wagner, 24 O. C. C. N. S. 275. On the other .hand, the most that can be said for it is that the plaintiff did not exercise due care in fully acquainting herself with the import and effect of the transaction whereby the deed was brought into play. Harry L. Park, who handled the matter of the incorporation of Kimball Brothers, Inc., was in the brothers' employ, but apparently a truthful and impartial witness, explains the procedure incident to the incorporation, and that the plaintiff was informed of the plan whereby the assets were set up as a basis for the issuance of the stock, and that it was contemplated and to be required that she execute the deed for her real estate.

The plaintiff interposed no objection to the transfer of her property, for many months after it was made. She admits that she was cognizant of the making·of a mortgage on the real estate to The Ohio National Bank, first, to secure $3000.00, and later to secure $5000.00. This act on her ·part should have definitely put her upon notice that her real estate was being employed as ·security for debts of .the corporation, and that, therefore, the title thereto was in the corporation.

Finally, after she had instituted her suit based upon the claim that she had been defrauded in deeding her property to the corporation she availed herself of the incident of the ownership of the stock issued to .her and granted her proxy to vote her stock in the election of directors of the corporation. ·

Although plaintiff is seeking the equitable intervention of this court to restore to her the real estate described in the. petition by setting aside her deed transferring it, she has not ·tendered her stock or offered to return it under conditions to be designated by the court. Such tender, in our judgment, is a prerequisite to the granting of the relief sought. All in all, the plaintiff has failed entirely to substantiate the averments of her petition.

We are not unmindful of the unfortunate and regrettable financial results attributable to plaintiff's business association with her erstwhile husband and his sons. It may be that if she had had or desired qualified advice as to the feasibility· of the making of the deed to the corporation, she would not have acted as she did. However, she was a free moral agent, qualified to handle her own business affairs and made the deed with opportunity to be informed and in probability with a fair appreciation of the purpose thereof. No doubt the court in the receivership proceedings will protect the plaintiff's rights in so far as it may be done within the law.

The judgment of this court will be for the defendants for their costs and the petition will be dismissed.

GEIGER, PJ., and BARNES, J., concurring.